UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID E. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00331-SRC |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of the Social Security | ) |
| Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

Plaintiff David Green seeks judicial review of the Commissioner of the Social Security Administration's final decision denying his application for disability-insurance benefits under Title II of the Social Security Act. *See* 42 U.S.C. § 405(g). The Court affirms the Commissioner's decision.

**I.      Procedural history**

In August 2020, Green applied for disability-insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. Tr. 182–83. The Social Security Administration denied his application, Tr. 90–94; Green requested reconsideration of that decision, Tr. 96; and the SSA, upon reconsideration, affirmed its initial denial, Tr. 97–101. Next, Green appealed to an Administrative Law Judge who considered the whole record, conducted an administrative hearing at which Green testified, and, in the end, re-affirmed that Green did not qualify as disabled for purposes of disability-insurance benefits. Tr. 19–30. Green then sought review of

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Martin O'Malley for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

the ALJ's decision from the Appeals Council, but it denied his request. Tr. 1–5. In the wake of that denial, the ALJ's opinion stands as the Commissioner's final decision on Green's claim. Tr. 1; *see* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5). Green now seeks judicial review of that final decision under 42 U.S.C. § 405(g).

## II.     Standard for determining disability under the Act

Under the Social Security Act, an adult individual qualifies as disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner follows a five-step evaluation when determining whether a claimant has a disability. *See* 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. *Id.* at § 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activity, the claimant is not disabled. *Id.*

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner evaluates the evidence to determine whether the claimant has a severe "impairment[] [that] significantly limits [the claimant's] physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (quoting 20 C.F.R. § 416.920(c)); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work

activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citations omitted); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments that the regulations list, the claimant qualifies as disabled, regardless of age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the residual functional capacity (RFC) to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). RFC is "the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (quoting *Leckenby v. Astrue*, 487 F.3d 626, 631 n.5 (8th Cir. 2007)); *see also* 20 C.F.R. § 416.945(a)(1). While a determination of RFC must be "based on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," it is nonetheless an administrative assessment—not a medical assessment—and therefore "the responsibility of the ALJ, not a physician, to determine." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (quoting *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009)). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citations omitted).

Ultimately, the claimant is responsible for providing evidence relating to his RFC, and the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination[] if necessary, and making every reasonable effort to help [the claimant] get medical reports from [his] own medical sources." 20 C.F.R.

3

§ 416.945(a)(3).  If the Commissioner determines that the claimant retains the RFC to perform past relevant work, he or she does not qualify as disabled.  20 C.F.R. § 416.920(a)(4)(iv).

Finally, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of producing evidence showing the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner.  *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); 20 C.F.R. § 416.920(a)(4)(v).  If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled.  20 C.F.R. § 416.920(a)(4)(v).  If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled.  *Id.*  At this stage, even though the burden of production shifts to the Commissioner, the burden of persuasion to prove disability remains on the claimant.  *Hensley*, 829 F.3d at 932 (citing *Goff*, 421 F.3d at 785).

### III. The ALJ's decision

Applying the foregoing, the ALJ determined that Green did not qualify as disabled for purposes of disability-insurance benefits.  First, the ALJ found that Green met the insured status requirements of the Social Security Act for the relevant time period; that he had not engaged in substantial gainful activity since the alleged onset date of July 10, 2020; and that he suffered from two severe impairments:  rheumatoid arthritis and atrial fibrillation.  Tr. 21.  The ALJ explained, however, that Green's impairments (or combination thereof) did not meet or medically equal the severity of any of the presumptively disabling impairments that federal regulations list.  Tr. 24.  Next, the ALJ determined that Green has the RFC to perform "a reduced range of light work as defined in 20 C.F.R. [§] 404.1567(b)," subject to certain limitations including on climbing; stooping; and exposure to extreme temperatures, heights, and hazardous

4

machinery. Tr. 24–29. Based on that finding, the ALJ found that Green could not perform any past relevant work, but that jobs existed in significant numbers in the national economy that Green could still perform. Tr. 29–30. For that reason, the ALJ concluded that Green did not qualify as disabled under the relevant provisions of the Act. Tr. 30.

Green then sought review from the Appeals Council and submitted to the Council new evidence for its consideration. Tr. 2. The Council denied review, explaining that the additional evidence "did not affect the decision" regarding Green's disability because it did "not relate to the period at issue." Tr. 1–2.

## IV.   Standard of review

When a claimant seeks judicial review of the Commissioner's decision regarding disability, the Court determines whether substantial evidence on the record as a whole supports the Commissioner's decision. 42 U.S.C. §§ 1383(c)(3), 1405(g). If it does, the Court must affirm the decision. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* Under this test, the Court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016) (citing *Crawford v. Colvin*, 809 F.3d 404, 408 (8th Cir. 2015)). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* (quoting *Johnson v. Colvin*, 788 F.3d 870, 872 (8th Cir. 2015)). The Court will not "reverse merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the Court] would

5

have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (quoting *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015)).

## V. Discussion

Green makes one argument in his brief: that the Appeals Council should have accepted his additional submitted evidence, and that the additional evidence, coupled with the materials originally in the record, robs the ALJ of substantial evidence to support her opinion. *See* doc. 13. But the Court finds that the Appeals Council rightly declined to consider Green's additional proffered evidence, and that the original evidence supplies substantial evidence to support the ALJ's decision.

### A. The Appeals Council rightly declined to consider Green's additional proffered evidence.

The Appeals Council did not err in affirming the ALJ's decision without considering the additional evidence. Federal regulations require the Appeals Council, as a general matter, to "review a case . . . if . . . [it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5). That requirement, however, comes with one important condition: that the claimant show "good cause" for failing to include the evidence in the original record. *Id.* at § 404.970(a)(5), (b). "[G]ood cause" exists when either the SSA itself misled the claimant on a relevant point; some "physical, mental, educational, or linguistic limitation[]" caused the claimant's failure to include the evidence; or an "unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control" caused the failure. *Id.* "Whether evidence meets these criteria is a question of law this court reviews *de novo*." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000) (*citing Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995)).

6

The Appeals Council did not make a finding on the requirement of good cause. *See* Tr. 1–4. Instead, the Council held that Green's additional evidence "does not relate to the period at issue" because the ALJ "decided [Green's] case through April 27, 2022," but the new evidence is "dated April 29, 2022 through May 12, 2022." Tr. 2. "Therefore, [the new evidence] does not affect the decision about whether [Green was] disabled beginning on or before April 27, 2022." *Id.* The Court agrees.

Green's additional evidence post-dates the decision he claims the Appeals Council should have reversed. On April 27, 2022, the ALJ denied him disability-insurance benefits in what is now the Commissioner's final decision. Tr. 30. Before issuing that decision, the ALJ held a hearing at which she asked whether Green was waiting for any other documents to add to the record. Tr. 39. "No," his attorney confirmed; "at this point, everything is in." *Id.* The week after the ALJ's decision, Green's attorney wrote to Green's doctor, Amanda Dehlendorf, explaining that he was "gathering medical evidence" and asking Dehlendorf to complete a questionnaire about Green's health so that the attorney could "prove that Mr. Green is unable to perform . . . any 'light work.'" Tr. 10. Dehlendorf completed a two-page questionnaire dated May 12, 2022, and Green submitted that questionnaire, along with x-ray images dated April 29, 2022, to the Appeals Council with his request for review. *See* Tr. 2, 11–15.

Although all Green's additional evidence post-dates the time period the ALJ considered, Green insists that the Council should have considered his new evidence because Dehlendorf's opinion "related back to the period of disability" and relied on her yearslong experience treating Green for his impairments. Doc. 13 at 6–7. But nothing in her opinion—much less the x-ray images themselves, which also post-date the ALJ's decision—indicates that Dehlendorf's opinion reflected Green's condition dating back to the dates considered by the ALJ. *See* Tr. 10–

7

15. In fact, her opinion, dated May 12, 2022, simply provides that his "current diagnoses" included rheumatoid arthritis and psoriasis, and that his symptoms included pain in his hands and feet, morning stiffness, and soft-tissue swelling as "noted in recent x-ray." *Id.* at 12. It appears to focus entirely on Green's condition as of—at the earliest—his April 29, 2022 x-ray results. *See id.* at 11–15. Green assumes that Dehlendorf's opinion is "based . . . on her treating relationship with [him], spanning more than two . . . years," doc. 13 at 6, but Dehlendorf never stated the time period corresponding to her observations and diagnoses. *See* Tr. 11–13. Green provides no evidence that the contents of Dehlendorf's opinion relate to anything pre-dating April 29, 2022—which is after the ALJ had already decided the matter.

Eighth Circuit precedent is instructive on how courts should consider such medical records. In *Roberson v. Astrue*, the ALJ denied the plaintiff's claim for disability-insurance benefits, after which the plaintiff submitted additional records to the Appeals Council that post-dated the ALJ's decision. 481 F.3d 1020, 1026 (8th Cir. 2007). The Council "concluded that the new records described [the claimant's] condition on the date that the records were prepared, not on an earlier date," and therefore did not warrant review of the ALJ's decision. *Id.* The Eighth Circuit upheld that determination. "Medical evidence can, of course, provide information about a claimant's condition at an earlier date," the panel allowed, "but we have reviewed the records here and, though we believe that the question is close, we cannot say that the Appeals Council erred in concluding that all of the new records referred to [the appellant's] condition after [the date] when the ALJ issued his decision." *Id.* (citing *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000)).

So too here: the Appeals Council concluded that Dehlendorf's opinion referred to Green's condition after the date of the ALJ's decision, and Green does not demonstrate that the

8

Council erred in making that determination. Tr. 2. Because "the newly submitted evidence is not persuasively related to [Green's] condition during the period prior to the ALJ's decision," the Council "was not required . . . to consider the new evidence or to grant review of [his] claim." *Box v. Shalala*, 52 F.3d 168, 172 (8th Cir. 1995).

### B. Substantial evidence supports the ALJ's decision.

Although Green does not dedicate substantial briefing to addressing the opinion of the ALJ, *see Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (declining to address social security claimant's undeveloped argument), the Court notes in closing that substantial evidence supports the ALJ's RFC finding, and therefore its consequent determination that Green does not qualify as disabled for purposes of disability-insurance benefits. The ALJ found that Green could perform some variant of "light work":

> [Green] has the residual functional capacity to perform a reduced range of light work as defined in 20 [C.F.R. §] 404.1567(b), with the following additional limitations. He can never climb ropes, ladders, or scaffolds[;] occasionally climb ramps and stairs[;] occasionally balance . . .[;] and occasionally stoop, kneel, crouch, and crawl. He can frequently handle and finger. [He] can have no concentrated exposure to extreme heat, extreme cold, and vibration, and no exposure to unprotected heights and hazardous machinery.

Tr. 24.

An RFC determination—or "the most a claimant can still do despite his or her physical or mental limitations," *Martise*, 641 F.3d at 923 (citation and internal quotation marks omitted)—is "the responsibility of the ALJ, not a physician," and must rely "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Boyd*, 831 F.3d at 1020. To that end, in support of its finding, the ALJ extensively discussed Green's allegations and testimony before turning to the opinions of two State-agency physicians. Tr. 24–29; *see* Tr. 66–81. And though "there is no

9

requirement that an RFC finding be supported by a specific medical opinion," *Hensley*, 829 F.3d at 932 (citing *Myers v. Colvin*, 721 F.3d 521, 526–27 (8th Cir. 2013)), the ALJ emphasized two medical opinions that she found persuasive—but which she still found did not outline all the necessary limitations on Green's ability to work, Tr. 24–29.

Both Judee Bland, M.D., and Kristy Curry, M.D., determined that Green could perform light-exertion-level work.  Tr. 66–81.  Dr. Bland determined that Green could perform light work but should only occasionally kneel, crouch, or crawl.  Tr. 66–72.  Dr. Curry went further, adding that he should only occasionally (1) stoop or (2) climb ladders, ropes, or scaffolds; and that Green should avoid concentrated exposure to extreme hot, extreme cold, vibrations, and hazards such as certain machinery, heights, and the like.  Tr. 73–81.  The ALJ, however, went further yet, finding that Dr. Curry's opinion, though more persuasive than Dr. Bland's, did not fully reflect the necessary limitations on Green's abilities, which she found should include limitations on (1) balancing and (2) climbing ramps and stairs.  Tr. 28 (explaining that even after Dr. Curry's evaluation, "some additional postural limits . . . are appropriate . . . . [Green] can never climb ropes, ladders, or scaffolds").  Even so, the ALJ found that those limitations did not render Green completely disabled, *id.*:  a June 2020 medical report noted that Green's rheumatoid arthritis had stabilized, Tr. 435; and a January 2022 medical report noted that Green was no longer suffering episodes of atrial fibrillation and would try going "drug-free," taking medication only as needed, Tr. 795.  Those encouraging developments support the ALJ's finding that Green, though limited in his capacity to perform work, was not completely disabled.

Given that RFC finding and other factors in the record, if the claimant can make an adjustment to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled.  20 C.F.R. § 416.920(a)(4)(v).  Here, the ALJ

10

noted that at least two categories of work remained available to Green despite his limitations: retail clerk (DOT 299.677-010), featuring approximately 400,000 jobs available nationally, and dining room attendant (DOT 311.677-010), featuring approximately 430,000 jobs available nationally.  Tr. 29–30.  Those categories and figures come directly from the testimony of a vocational expert, who appeared at Green's hearing before the ALJ and explained that Green remained able to perform work in at least those two categories.  Tr. 59–64; *see also* Tr. 263–64 (describing the vocational expert's qualifications).  Because Green remained able to perform that kind of work, the ALJ found that Green did not qualify as disabled and therefore did not qualify for disability-insurance benefits.  Tr. 29–30.  The vocational expert's testimony provides substantial evidence for that conclusion.

## VI.   Conclusion

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings, and whether those findings rely on the correct legal standards.  The Court does not substitute its own judgment for that of the ALJ.  *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010).  Having found that substantial evidence supports the ALJ's conclusions and that the ALJ applied correct legal standards, the Court affirms the ALJ's decision.  Further, the Appeals Council correctly declined to consider Green's additional proffered evidence.  Accordingly, the Court dismisses Green's [1] Complaint with prejudice.  A separate order of dismissal accompanies this memorandum and order.

So ordered this 26th day of March 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE